IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02525-WYD-NYW

GENSCAPE, INC.

   Plaintiff,

v.

LIVE POWER INTELLIGENCE COMPANY NA, LLC, and
WILLIAM P. TOWNSEND,

   Defendants.

# ORDER ON MOTION TO STAY

Magistrate Judge Nina Y. Wang

This matter comes before the court on Defendants Live Power Intelligence Company NA, LLC ("Live Power") and William P. Townsend's ("Mr. Townsend") (collectively, "Defendants") Motion to Stay Proceedings Pending Resolution of Defendants' Motion to Dismiss ("Motion" or "Motion to Stay"), filed December 10, 2018. [#16]. The undersigned Magistrate Judge considers the Motion pursuant to 28 U.S.C. § 636(b) and the Memorandum dated December 11, 2018 [#18]. This court concludes that oral argument will not materially assist in the resolution of this matter. Accordingly, having reviewed the Motion and associated briefing, the applicable case law, and the entire docket, this court **DENIES** the Motion to Stay for the reasons stated herein.

## BACKGROUND

Plaintiff Genscape, Inc. ("Plaintiff" or "Genscape") asserts several claims against Defendants, both individually and collectively, based on Mr. Townsend's previous employment with Genscape and Defendants' alleged misappropriation of Genscape's trade secrets. *See* [#1 at ¶¶ 15-17, 20-27]. These claims include violations of the Defend Trade Secrets Act of 2016, 18

U.S.C. § 1836 *et seq.*, the Colorado Uniform Trade Secrets Act, Colo. Rev. Stat. § 7-74-101 *et seq.*, and the Kentucky Uniform Trade Secrets Act, Ky. Rev. Stat. § 365.880 *et seq.* by Defendants; civil theft pursuant to Colo. Rev. Stat. § 18-4-405 by Defendants; conversion by Defendants; breach of contract and breach of fiduciary duty by Mr. Townsend; and aiding and abetting a breach of fiduciary duty by Live Power. *See generally* [#1]. Plaintiff initiated this civil action on October 3, 2018, *see* [*id.*], which is the second action in this District involving Plaintiff and Live Power—the first being a suit for patent infringement against Live Power that Plaintiff and Genscape Intangible Holding, Inc. voluntarily dismissed on August 31, 2018, *see Genscape Intangible Holdings, Inc. et al v. Live Power Intelligence Company NA, LLC*, No. 17-cv-02452-PAB-SKC ("*Genscape I*").

On December 10, 2018, Defendants moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff fails to plead facts that establish plausible entitlements to relief. *See* [#15]. Concurrently with their Motion to Dismiss, Defendants filed the instant Motion to Stay, requesting that the court stay this civil action pending resolution of Defendants' Motion to Dismiss. *See* [#16]. Plaintiff opposes the Motion to Stay, arguing that Defendants fail to demonstrate that a stay of this civil action is appropriate. *See* [#21]. The Motion to Stay is now ripe for determination, and this court considers the Parties' arguments below.

## LEGAL STANDARD

"The Federal Rules of Civil Procedure do not provide for the stay of proceedings while a motion to dismiss is pending. Instead, Rule 1 instructs that the rules of procedure 'shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Sutton v. Everest Nat'l Ins. Co.*, No. 07 CV 00425 WYD BNB, 2007 WL 1395309, at *1

(D. Colo. May 9, 2007). Nonetheless, when ruling on a motion to stay, courts weigh the following factors: (1) the plaintiff's interests in expeditiously litigating this action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). But "stays of the normal proceedings of a court matter should be the exception rather than the rule," *Christou v. Beatport, LLC*, No. 10-CV-02912-CMA-KMT, 2011 WL 650377, at *1 (D. Colo. Feb. 10, 2011), and courts in this District generally disfavor stays, *see, e.g.*, *Chavez v. Young Am. Ins. Co.*, No. CIVA 06CV02419PSFBNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007).

## ANALYSIS

At bottom, Defendants argue for a stay of discovery pending resolution of their Motion to Dismiss because the Motion to Dismiss is potentially dispositive of all claims in this action and Plaintiff and Live Power engaged in several months of discovery previously in *Genscape I*. *See* [#16 at 1-5; #29 at 2-5]. Defendants contend that a stay will not prejudice Plaintiff because Plaintiff has been aware of "Live Power's competition in the market to collect and sell electrical power data and Mr. Townsend's position as CEO of Live Power for at least eighteen months" and already had eight months in which to conduct discovery into the alleged theft of its confidential information" in *Genscape I*. [#16 at 8-9]; *see also* [#29 at 3-7]. Defendants continue that they on the other hand will suffer prejudice in the absence of a stay because they have already been burdened by discovery in *Genscape I* and discovery in this action will "in all likelihood . . . prove to be unnecessary" given their Motion to Dismiss. *See* [#16 at 10-11; #29 at 7-8]. Defendants also argue that a stay is more efficient for the court because it reduces the inconvenience and

3

burden of resolving discovery and procedural disputes; that a stay favors the interests of nonparties because Plaintiff sought in *Genscape I* and purports to seek in this matter discovery from third parties; and that a stay favors the public interest because the public has an interest in not wasting court resources with "groundless actions." *See* [#16 at 11-13; #29 at 9-10]. Respectfully, this court disagrees.

To start, as Genscape argues, a stay is not warranted merely because Defendants filed a Motion to Dismiss that they believe is dispositive of this entire matter. *See Church Mut. Ins. Co. v. Coutu*, No. 17-CV-00209-RM-NYW, 2017 WL 3283090, at *3 (D. Colo. Aug. 2, 2017) ("[N]o element of the *String Cheese* factors requires that this court make a preliminary determination as to the likelihood of success of either the dispositive motion or the ultimate merits of this case" when considering the appropriateness of a stay). Indeed, this court agrees with Genscape that while courts may be more inclined to stay discovery pending the resolution of a Motion to Dismiss impacting immunity or jurisdictional issues, *see, e.g.*, *Burkitt v. Pomeroy*, No. 15-CV-02386-MSK-KLM, 2016 WL 696107, at *1 (D. Colo. Feb. 22, 2016) ("Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties."), the same is not necessarily true for motions testing the adequacy of the plaintiff's pleading, *see, e.g.*, *De Leon v. Marcos*, No. CIVA09CV-02216MSKMEH, 2009 WL 3756374, at *1 (D. Colo. Nov. 9, 2009) (denying the defendant's Motion to Stay pending resolution of its Rule 12(b)(6) Motion to Dismiss because "it is the policy in this district not to stay discovery pending a ruling on motions to dismiss," and noting that a stay "could substantially delay the ultimate resolution of the matter").

Next, this court disagrees with Defendants that Genscape will not be prejudiced by a stay because it conducted several months of discovery in *Genscape I*. Notably, *Genscape I* dealt with

claims for patent infringement, which inherently concern matters of public disclosure, whereas this action concerns the misappropriation of trade secrets—matters deemed confidential. With this divergence in legal theories, this court cannot conclude based on the current record before it that Plaintiff conducted sufficient discovery as to its claims in *this* action. Further, this court concludes that Genscape has an interest in proceeding expeditiously with discovery in this action such that granting a stay pending resolution of Defendants' Motion to Dismiss "could substantially delay the ultimate resolution of the matter, with injurious consequences," *Chavez*, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007), especially where, as here, Genscape alleges continuous injury from the alleged misappropriation of its trade secrets, *see United States v. Centerre Gov't Contracting Grp.*, LLC, No. 13-CV-02823-CMA-MJW, 2014 WL 1924368, at *8 (D. Colo. May 13, 2014) (finding prejudice to the plaintiffs if the case was stayed because the plaintiffs alleged that defendants caused continuous consequential damages, including financial hardship).

As to the second *String Cheese* factor, I conclude that Defendants have not demonstrated that they will suffer prejudice in the absence of a stay. While this court is aware of the discovery burdens imposed on all litigants, that burden on Defendants does not appear severe here. *See Webb v. Brandon Exp. Inc.*, No. 09-cv-00792-WYD-BNB, 2009 WL 4061827, at *2 (D. Colo. Nov. 20, 2009) ("Parties always are burdened by discovery and the other requirements for the preparation of a case. That is a consequence of our judicial system and the rules of civil procedure. There is no special burden here."). Again, this court is not persuaded that Defendants will suffer prejudice beyond ordinary burdens of litigation in the absence of stay merely because they believe in the success of their Motion to Dismiss. *See Baldwin v. United States*, No. 11-CV-02033-MSK-KLM, 2011 WL 5177698, at *2 (D. Colo. Nov. 1, 2011) (concluding that the defendant would not be prejudiced in the absence of a stay pending resolution of its Motion to Dismiss because the

"ordinary burdens associated with litigating a case do not constitute undue burden," and noting "motions relating to a failure to state a claim are not unique nor do they raise similar concerns that the defendants are unnecessarily subject to litigation.").

Finally, neither the convenience to the court nor the interests of nonparties and the public warrant a stay of this matter. Although this court acknowledges that discovery in this matter may result in several disputes for this court's consideration, *e.g.*, [#29 at 8-9], the potential for discovery disputes does not outweigh the court's determination that it is most efficient to move forward without a stay. Should discovery disputes arise, the Parties shall adhere to the undersigned's procedures for scheduling informal discovery dispute resolutions. Relatedly, while the public may have an interest in not wasting court resources, this court is not convinced that such is the case here. Further, it is unclear to what extent the interests of nonparties will be impacted by discovery in this matter; thus, this factor neither favors nor counsels against a stay.

On the whole, the *String Cheese* factors do not weigh in favor of staying this action pending resolution of Defendants' Motion to Dismiss. I therefore conclude that a stay is not warranted.

## CONCLUSION

Therefore, for the reasons stated herein, **IT IS ORDERED** that:

(1)  Defendants' Motion to Stay [#16] is **DENIED**.


DATED: January 2, 2019                                 BY THE COURT:

                                                       _____
                                                       Nina Y. Wang
                                                       United States Magistrate Judge

6