**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action Number: 18-cv-02525-WYD-NYW

GENSCAPE, INC.,

      Plaintiff,

v.

LIVE POWER INTELLIGENCE COMPANY NA, LLC, and
WILLIAM P. TOWNSEND,

      Defendants.

---

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
RULE 12(b)(6) MOTION TO DISMISS COMPLAINT (ECF No. 15)**

---

## INTRODUCTION

A plaintiff "must allege enough factual matter, taken as true, to make [its] 'claim to relief . . . plausible on its face.'" *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Genscape fails this requirement and its Complaint should be dismissed.

Genscape seeks to drag Live Power and its CEO, Townsend, through another round of litigation based on a naked, conclusory allegation that Live Power "has misappropriated and misused Genscape's trade secrets and confidential information by using Townsend's detailed knowledge of Genscape's trade secrets and confidential information." ECF No. 1, ¶25. Genscape's Complaint, however, offers no factual matter plausibly showing that either Live Power or Townsend have engaged in any misappropriation or misconduct. The Complaint describes no "methods," "strategies," "knowledge," or "capabilities" protectable as trade secrets

and identifies no facts from which the Court could infer any plausible misconduct. And because Genscape claims it learned of "vast" acts of wrongdoing through discovery in its first case against Live Power, *Genscape Intangible Holding, Inc. et al. v. Live Power Intel. Co. NA, LLC*, No. 1:17-cv-02452-PAB-KMT (D. Colo.) ("*Genscape I*"), it cannot rely on "information and belief" allegations to support its claims here.

Townsend left Genscape in February 2015, four years ago, and did not begin working for Live Power until January 2017, two years after leaving Genscape. Genscape has had years to uncover facts that would substantiate its claims, including eight months of discovery into the same alleged misuse of "confidential information" at issue in *Genscape I*. Yet, despite having every opportunity and incentive to do so, first in *Genscape I* and now here, Genscape offers no facts to support its conclusory allegations of wrongdoing. Defendants, therefore, ask the Court to dismiss Genscape's inadequate Complaint with prejudice.

## ARGUMENT

### A. Genscape Fails To Allege A Plausible Claim Of Trade Secret Misappropriation.

#### 1. The Complaint fails to allege protectable trade secrets.

Genscape does not dispute that a party alleging trade secret misappropriation must allege facts "with sufficient particularity to identify the existence of its claimed trade secrets." *International Acad. of Bus. & Fin. Mgmt., Ltd. v. Mentz*, No. 12-cv-00463-CMA-BNB, 2013 WL 212640, at *9 (D. Colo. Jan. 18, 2013) (quotation omitted). To avoid dismissal of its trade secret claims, Genscape argues that Defendants' motion "misleadingly" excised phrases from the Complaint's trade secret descriptions. ECF No. 31 at 4. This argument fails.

To begin with, the argument primarily concerns only one of the alleged trade secrets, the "methods and strategies for identifying the most important power plants and transmission lines to monitor and finding the optimal locations adjacent to those plants and lines for the placement of its sensors," which Defendants did not excise but quoted at page 3 of the motion. ECF No. 15 at 3 (quoting ECF No. 1 ¶ 17(A)). Moreover, the "additional details" cited in Genscape's response—"*analyzing market demand* for particular energy market related data, *assessing specific customer data* and requests, and *performing technical feasibility analyses*," ECF No. 31 at 4 (emphasis added)—do not suggest any protectable trade secret. General business activities like analyzing market demand, assessing customer data, and performing technical analyses are not trade secrets. *I Can't Believe It's Yogurt v. Gunn*, No. Civ.A. 94–OK–2109–TL, 1997 WL 599391, at *22 (D. Colo. 1997) (UTSA does not protect known business procedures).

Genscape also argues, incorrectly, that its allegations are more detailed than those deemed sufficient in *Bite Tech, Inc. v. X2 Impact, Inc.*, No. C12-1267RSM, 2012 WL 13018749 (W.D. Wash. Dec. 21, 2012). ECF No. 31, at 5. The allegations in *Bite Tech*, however, were deemed sufficient only because they contained a "factual basis" describing the "technology" at issue. *See* 2012 WL 13018749, at *3 ("X2's description of the trade secret sufficiently identifies that the technology in question is X2's impact sensing technology, which was the basis of the [parties' Technology Licensing Agreement].") Genscape's Complaint, by contrast, contains no factual detail at all describing any protectable methods, strategies, knowledge, or capabilities.

Nor do Genscape's other cases help its argument. In *Zimmer Spine, Inc. v. EBI, LLC*, No. 10-cv-03112-LTB-CBS, 2011 WL 4089535 (D. Colo. Sep. 14, 2011), the court found the factual allegations in the amended complaint, "when viewed in the whole," sufficient to describe the

3

claimed trade secrets. *Id.* at *9. The amended complaint alleged that the defendant had asked the plaintiff's "sales personnel what business they thought they could 'steal away' from" the plaintiff, and had obtained the plaintiff's lists of actual and potential customers, customer preference data, customer account status, product costs, and technical information about product specifications, designs, techniques, and new products. *Id.* at *1, 8. These allegations are far more detailed than Genscape's undefined methods, strategies, knowledge, and capabilities.

Likewise, the compliant in *Cocona, Inc. v. Singtex Indus. Co.*, No. 14-CV-01593-MJW, 2014 WL 5072730 (D. Colo. Oct. 9, 2014), contained detailed factual allegations concerning the parties' contract under which the defendant agreed to use the plaintiff's "proprietary production methods," the plaintiff's instruction to the defendant as to "how to manufacture yarns that incorporated active particles," and the defendant's agreement that it was "receiving confidential and proprietary information" from the plaintiff. *Id.* at *11-12. Genscape's Complaint here contains no similar factual detail.

### 2. The Complaint fails to allege any plausible misuse or misappropriation.

In response to Defendants' arguments concerning the lack of factual matter to support Genscape's bald allegations of misappropriation, Genscape merely points back to the conclusory allegations in its Complaint. ECF No. 31 at 7. Genscape's Complaint, however, relies on precisely the type of conclusory allegations that the Supreme Court has said are insufficient to state a claim under the Federal Rules.

"A claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). Here, paragraph 26 of the

Complaint merely repeats the list of alleged trade secrets found at paragraph 17 of the Complaint and alleges, "on information and belief," that Defendants have misappropriated and misused them. *See* ECF No. 1 ¶¶ 17A-F and 26A-F. The Complaint contains no factual allegations of misuse or misappropriation by Defendants that would raise Genscape's right to relief "above the speculative level." *See Twombly*, 550 U.S. at 555.

Nor can Genscape rely on "information and belief" allegations to state a claim. The *Iqbal/Twombly* plausibility standard allows pleading on information and belief only "where the facts are peculiarly within the possession and control of the defendant." *Wellons, Inc. v. Eagle Valley Clean Energy, LLC*, No. 15-cv-01252-RBJ, 2015 WL 7450420, at *2 (D. Colo. Nov. 24, 2015). It "is not an appropriate form of pleading if the matter is within the personal knowledge of the pleader or 'presumptively' within his knowledge." 5 Charles Alan Wright *et al.*, *Federal Practice & Procedure Civil* § 1224 (3d ed., Sep. 2018 update), *quoted in Carrado v. Daimler AG*, No. 17-cv-3080-WJM-SKC, 2018 WL 4565562, at *6 (D. Colo. Sep. 24, 2018).

Here, Genscape claims to possess facts showing "vast" trade secret misuse by Defendants that it learned in *Genscape I*. ECF No. 31 at 3. In explaining why it walked away from its patent and tortious interference claims in that case, Genscape states that it "*discovered that Defendants' misconduct was much more vast* than it previously knew, *and that Defendants have been misusing 'Genscape's trade secrets* and other confidential information to put [Live Power] in a position in the energy-data market that it ha[s] not earned through its own time and effort.'" *Id.* (emphasis added). By Genscape's own admission, therefore, the purported facts are not "peculiarly within" Defendants' possession and control. Accordingly, Genscape cannot rely on "information and belief" allegations to state a claim.

5

After months of discovery, Genscape should be able to plead facts demonstrating what it learned in *Genscape I* that would support its conclusory allegations of trade secret misuse in this case. Yet nowhere in Genscape's Complaint (or in its response brief) does Genscape offer any factual support for its claims.[1]

Genscape also argues that it has "directly alleged" misappropriation in two instances. ECF No. 31 at 7. Whatever Genscape means by "directly alleged," neither instance satisfies Genscape's pleading obligations.

First, the tag-along allegation in paragraph 26C of the Complaint—that Live Power's "calibration process closely mirrors Genscape's own process"—fails to state a claim. To plead trade secret claims against Defendants, Genscape must allege, among other things, that Townsend acquired knowledge of a trade secret and that Live Power knew the trade secret was acquired or disclosed improperly. *See* 18 U.S.C. § 1839(5); *RE/MAX, LLC*, 295 F. Supp. 3d at 1173. Here, the Complaint does not include any "calibration process" in the list of Genscape's alleged trade secrets and does not allege that Townsend ever acquired knowledge of any calibration process. ECF No. 1 ¶ 17, *see also id.* ¶¶ 15-17. Because Genscape does not allege (and could not in good faith allege) that Townsend acquired knowledge of Genscape's alleged calibration process, the Complaint fails to state a claim of misappropriation of this purported trade secret.

---

[1] Genscape's assertion that Live Power "refused to consent" to a further amended complaint in *Genscape I* is also not accurate. ECF No. 31 at 3. Genscape contacted Live Power in August 2018 to advise that it was considering amending its complaint in *Genscape I* a second time. When Live Power asked for an explanation of the basis for the amendment, Genscape refused to provide one. Live Power then advised Genscape that, without some understanding of Genscape's purported basis for wanting to amend its complaint a second time, Live Power could not reasonably confer on the matter. Genscape then dropped the case without further discussion.

Second, Genscape's allegation that Defendants have used Genscape's trade secrets "to target specific market participants and to undercut Genscape's pricing" merely states a conclusion. *See RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1175-76 (D. Colo. 2018) (allegation that defendant used trade secrets "to launch its operations" was conclusory); *Ultradent Prod., Inc. v. Spectrum Sols. LLC*, No. 2:17-CV-890, 2018 WL 324868, at *3 (D. Utah Jan. 8, 2018) (allegation that defendant used trade secrets "to set up a manufacturing facility" was conclusory). Genscape must have some factual basis to believe that Defendants used Genscape's trade secrets to target its customers and undercut its pricing, but offers none. Without "facts tending to show that [Defendants] actually did use such information," the Complaint fails to state a claim. *See RE/MAX*, 295 F. Supp. 3d at 1173.

**B.     Genscape Has Failed to Plead a Claim for Breach of Contract (Count V).**

Genscape's reliance on *Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125 (10th Cir. 2003), does not save its contract claim. That case applied Colorado law, *id.* at 1133, whereas paragraph 11.1 of Genscape's agreement calls for application of Kentucky law, ECF No. 1-1 at Page 5 of 7. Kentucky courts enforce nondisclosure agreements to prevent the "disclosure of closely guarded proprietary information." *Papa John's Int'l, Inc. v. Pizza Magia Int'l, LLC*, No. CIV.A. 3:00CV-548-H, 2001 WL 1789379, at *3-4 (W.D. Ky. May 10, 2001). By defining Confidential Information to "include[] . . . any . . . information concerning the business of Genscape and Genscape's good will," ECF No. 1-1 at Page 2 of 7, Genscape's agreement sweeps too broadly and should be deemed unenforceable.

This claim also fails because, as demonstrated above and in the motion, Genscape pleads no facts plausibly showing any breach. The conclusory allegations in Genscape's Complaint do

7

not give rise to a plausible inference that Townsend used or disclosed any confidential business information or that Genscape suffered any damages. *See RE/MAX*, 295 F. Supp. 3d at 1173 (dismissing contract claim for failure to allege facts "leading to a plausible inference" that the defendant had used the plaintiff's confidential business information).

**C.     Genscape's Remaining State-Law Claims Are Preempted.**

Contrary to Genscape's arguments, ECF No. 31 at 11, dismissal of the theft, conversion, and fiduciary duty claims does not rely on the concept of "field preemption." The UTSA preempts claims "where they are no more than a restatement of the same operative facts which would plainly and exclusively spell out only trade secret misappropriation." *Hawg Tools, LLC v. Newso Intern'l Energy Servs., Inc.*, No. 14-cv-02011-REB-MJW, 2015 WL 1064519, at *5 (D. Colo. Feb. 23, 2015). Preemption applies "regardless of whether the Plaintiffs demonstrate that the information at issue qualifies as a trade secret." *Auto Channel, Inc. v. Speedvision Network, LLC*, 144 F. Supp. 2d 784, 789 (W.D. Ky. 2001).

Here, aside from the "trade secrets" listed in paragraph 17, Genscape's Complaint identifies no other "confidential information." *See* ECF No. 1 ¶¶ 17A-F, 69-71, 84-86, 90-93, 96-98, 103-105. Because Genscape alleges only the misuse or misappropriation of alleged "trade secrets," and not any other confidential information, its state law claims "exclusively spell out only trade secret misappropriation" and are preempted. *See* ECF No. 15 at 10-11 (citing cases). More specifically, to the extent the information in paragraph 17 of the Complaint qualifies as a trade secret, the UTSA preempts any claims alleging misuse or misappropriation of the information. *See Powell Prods., Inc. v. Marks*, 948 F. Supp. 1469, 1475 (D. Colo. 1996) (dismissing conversion claim); *Virtual Cloud Servs., Inc. v. CH2M Hill, Inc.*, No. 02-cv-01004,

2006 WL 446077, at *4-5 (D. Colo. Feb. 21, 2006) (dismissing conversion and theft claims); *Auto Channel*, 144 F. Supp. 2d at 793 (dismissing fiduciary duty claim).  On the other hand, to the extent the information in paragraph 17 does not qualify as a trade secret, then Genscape "has no property right" in the information sufficient to support theft or conversion claims.  *See Powell Prods.*, 948 F. Supp. at 1475; *Virtual Cloud Servs.*, 2006 WL 446077, at *4-5 (holding that "a valid property interest" exists only if the information qualifies as a trade secret).

### D.     Genscape Has Failed to Plead Civil Theft.

Genscape's response points to no facts in the Complaint or otherwise to show that either Townsend or Live Power obtained control over any Genscape property or that they did so with the specific intent to deprive Genscape of the benefit of such property permanently.

### E.     Genscape Has Failed to Plead Conversion.

The Complaint nowhere alleges that Townsend took any "lists" or tangible property when he left Genscape four years ago.  Rather, the Complaint alleges only that Townsend had "knowledge" of Genscape's alleged trade secrets.  ECF No. 1 ¶¶ 17, 25.  The Complaint offers no facts remotely similar to the transfer of data to a "personal online cloud storage" account alleged in *Abbott Labs. v. Finkel*, No. 17-cv-00894-CMA, 2017 WL 5517399, at *1 (D. Colo. Nov. 17, 2017), or the removal of electronic files alleged in *Walshe v. Zabors*, 178 F. Supp. 3d 1071, 1094 (D. Colo. 2016).  Nor does the Complaint allege any "wrongful taking" that would excuse Genscape's failure to demand return of its materials.  In fact, the Complaint specifically alleges that Townsend had "knowledge" of the alleged trade secrets as part of his employment.  ECF No. 1 ¶ 17; *Montgomery Ward & Co., Inc. v. Andrews*, 736 P.2d 40, 46 (Colo. App. 1987) (demand required where defendant had "lawful possession of the goods in the first place").

### F. Genscape Has Failed to Plead Breach of Fiduciary Duty.

The Complaint pleads no facts plausibly showing any breach of fiduciary duty. To avoid dismissal, Genscape relies on dicta in *Boettcher DTC Bldg. Joint Venture v. Falcon Ventures*, 762 P.2d 788, 790 (Colo. App. 1988), a case by a lessor against its leasing agent. Genscape cites no authority that would support fiduciary duty claims against an employee based on conclusory allegations of misconduct occurring two years after his employment ended.

### G. Dismissal Should Be With Prejudice.

This Court has "authority to dismiss facially deficient claims with prejudice." *Sheldon v. Vermonty*, 269 F.3d 1202, 1206 (10th Cir. 2001). It should exercise that authority here. Genscape has filed *three complaints* accusing Live Power and Townsend under various legal theories of using Genscape's "confidential information" unlawfully. ECF No. 1 ¶ 25; *Genscape I*, ECF No. 1, ¶ 26, ECF No. 24 ¶ 36. Genscape walked away from this accusation in *Genscape I* without offering any evidence to support it. Now on its third Complaint, and despite its professed knowledge of "vast" wrongdoing by Defendants, Genscape still offers no factual allegations to support its claims. Nor does Genscape's response offer any hint as to what facts Genscape could allege that would save its claims from dismissal. Accordingly, there is no reason to believe that any further amendment would be anything but futile, and Genscape's Complaint should be dismissed with prejudice.

### CONCLUSION

Defendants request dismissal of all counts of the Complaint with prejudice.

Respectfully submitted this 25th day of January, 2019.

        *s/ Timothy M. Reynolds*
        Timothy M. Reynolds
        BRYAN CAVE LEIGHTON PAISNER LLP
        1801 13th Street, Ste. 300
        Boulder, CO 80302
        Telephone:  303-444-5955
        timothy.reynolds@bclplaw.com

        Erin A. Kelly
        BRYAN CAVE LEIGHTON PAISNER LLP
        1700 Lincoln Street, Ste. 4100
        Denver, CO  80203
        Telephone:  303-861-7000
        erin.kelly@bclplaw.com

        *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 25, 2019, a true and correct copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS COMPLAINT** was filed with the Clerk of Court using the CM/ECF system which will service such filing on the following:

| | |
|---|---|
| Jessamyn Berniker | Phillip A. Parrott |
| Steven M. Cady | Margaret R. Pflueger |
| Matthew B. Underwood | CAMPBELL KILLIN BRITTAN & RAY, LLC |
| D. Shayon Ghosh | 270 St. Paul Street, Suite 300 |
| Amanda M. MacDonald | Denver, CO 80206 |
| WILLIAMS AND CONNOLLY LLP | Phone: (303) 322-3400 |
| 725 12th Street N.W. | Fax: (303) 322-5800 |
| Washington, D.C.  20005 | pparrott@ckbrlaw.com |
| jberniker@wc.com | mpflueger@ckbrlaw.com |
| scady@wc.com | |
| munderwood@wc.com | |
| dghosh@wc.com | |
| amacdonald@wc.com | |

        *s/ Jennifer Pearce*