IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02525-DDD-KLM

GENSCAPE, INC.,

    Plaintiff,

v.

LIVE POWER INTELLIGENCE COMPANY NA, LLC,
WILLIAM P. TOWNSEND, and
YES ENERGY LLC,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Restrict in Part Access to Plaintiff's Notice of Identification of Representative Trade Secrets** [#110][1] (the "Motion"). Defendants filed a Response [#112] in opposition to the Motion and Plaintiff filed a Reply [#116]. The Motion [#110] has been referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.L.CivR 72.1(c). *See* [#114]. For the reasons set forth below, the Motion [#110] is **GRANTED**.

**I. Background**

---

[1] "[#110]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF). This convention is used throughout this Order.

- 1 -

The background relevant to the Motion [#110] is as follows.  Plaintiff[2] initiated this action to protect its alleged trade secrets on October 3, 2018, against Defendants Live Power Intelligence Company NA, LLC ("LPI") and William P. Townsend ("Townsend"). *See Compl.* [#1].  Subsequently, Plaintiff filed its First Amended Complaint [#78] on May 14, 2019, naming Yes Energy LLC ("Yes Energy") as an additional Defendant.  Plaintiff asserts several claims against Defendants, both individually and collectively, based on Defendant Townsend's previous employment with Plaintiff and Defendants' alleged misappropriation of Plaintiff's trade secrets.  *See First Am. Compl.* [#78] ¶¶ 21-23, 26-28, 39-43.  These claims include violations of the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836 *et seq.*, the Colorado Uniform Trade Secrets Act, Colo. Rev. Stat. § 7-74-101 *et seq.*, the Kentucky Uniform Trade Secrets Act, Ky. Rev. Stat. § 365.880 *et seq.*, and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 by all Defendants; violations of the New Jersey Computer Related Offenses Act, N.J. Stat. Ann. § 2A:38A-3 by Defendants LPI and Townsend; civil theft pursuant to Colo. Rev. Stat. § 18-4-405 by Defendants LPI and Townsend; conversion by Defendants LPI and Townsend; breach of contract and breach of fiduciary duty by Defendant Townsend; aiding and abetting breach of fiduciary duty by Defendants LPI and Yes Energy; and civil conspiracy by all Defendants. *See id.* [#78] ¶¶ 57-168.

---

[2] According to the operative complaint, Plaintiff is "the leading provider of energy-related market data and intelligence to the world's top participants in the global commodity and energy markets, including traders, hedge funds, banks, producers, marketers, utilities, and government entities." *First Am. Compl.* [#78] ¶ 5.

On May 2, 2019, Magistrate Judge Nina Y. Wang[3] held a Telephonic Discovery Conference with counsel for Plaintiff and Defendants LPI and Townsend. *Courtroom Minutes/Minute Order* [#76] at 2. During that Conference, Judge Wang ordered Plaintiff to file a list with the Court, identifying 25 "representative trade secrets" to assist the parties in defining the scope of discovery in this case. *Id.* Magistrate Judge Wang further ordered Plaintiff to file this list on or before June 14, 2019, and in compliance with D.C.COLO.L.Civ. R. 7.2(c). *Id.* Pursuant to Judge Wang's Order, Plaintiff filed its Notice of Identification of Representative Trade Secrets [#100] (the "Notice") on June 14, 2019, under Level 2 Restriction. Level 2 restriction limits access to the filing party and the Court. D.C.COLO.LCivR 7.2(b).

Pursuant to D.C.COLO.L.Civ. R. 7.2, Plaintiff filed the instant Motion [#110] on June 28, 2019. In the Motion, Plaintiff seeks to maintain its Notice [#100] under Level 2 Restriction on the grounds that the Notice contains: (1) information regarding Plaintiff's trade secrets and confidential proprietary business information; (2) confidential and sensitive business information from a subpoenaed third-party; and (3) reference to material that Defendants have designated as, or likely would designate as, "Confidential" or "Attorneys' Eyes Only" pursuant to the Protective Order [#27] in this case, as amended [#65]. *Motion* [#110] at 2-3. With respect to the first category, Plaintiff argues that its "interest in maintaining the confidentiality of commercially and competitively sensitive information outweighs the presumption of public access to this information." *Id.* Plaintiff

---

[3] Judge Wang subsequently entered an Order of Recusal [#106] and this matter was reassigned to the undersigned in the referral role on June 19, 2019. *See Reassigning Magistrate Judge* [#107].

further avers that Level 2, rather than Level 1, Restriction is appropriate because "allowing Defendants themselves (Plaintiff's competitors)—as opposed to their counsel, as provided under the Protective Order—to access the restricted information would cause competitive injury to Plaintiff." *Motion* [#110] at 2. Plaintiff represents that on June 14, 2019, it provided an unredacted version of the Notice to Defendants' counsel via email, in accordance with the Protective Order. *Motion* [#110] at 2-3.

Plaintiff attaches to the Motion, at Exhibit A [#110-1], a redacted version of the Notice for public filing ("Plaintiff's First Redacted Notice"). Plaintiff's First Redacted Notice [#110-1] redacts several portions of the Notice which, according to Plaintiff, include "highly sensitive and confidential information relating to, among other things, [Plaintiff's] monitoring locations, methods and capabilities, its calibration processes, business strategies, and its customers." *Motion* [#110] at 2.

In its Response [#112], Defendants do not argue that the Level 2 Restriction on Plaintiff's Notice [#100] should be lifted. Rather, Defendants argue that a majority of the redactions found in Plaintiff's First Redacted Notice [#110-1] are either unnecessary for purposes of business confidentiality or "go far beyond what is needed to protect any purportedly sensitive business information." *Response* [#112] at 2. As an alternative, Defendants provide a version of Plaintiff's Notice [#100] at Exhibit A [#113] which proposes fewer redactions ("Defendants' Proposed Redactions"). According to Defendants, their alternative redactions:

> [o]mit[ ] reference to [Plaintiff's] customers, information that [Plaintiff] collects from its customers, [Plaintiff's] pricing policies, and any other conceivably sensitive business information of [Plaintiff], while allowing information that is either already publicly available or would cause no


competitive harm to [Plaintiff] to be included in the public record of this case.

*Response* [#112] at 2-3.

In its Reply [#116], Plaintiff maintains that a majority of its redactions in the First Redacted Notice [#110-1] are appropriate. Nevertheless, Plaintiff accepts many of Defendants' proposed alternative redactions and attaches to its Reply [#116], at Exhibit B [#116-1], a new redacted version of the Notice for public filing ("Plaintiff's Second Redacted Notice").[4]

## II. Legal Standard

"The Supreme Court has acknowledged a common law right of the public to access judicial records." *Slivka v. Young Men's Christian Ass'n of Pikes Peak Region*, __ F. Supp. 3d __, __, No. 19-cv-00313-PAB, 2019 WL 3059905, at *3 (D. Colo. July 11, 2019) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). "This right is premised upon the recognition that public monitoring of the courts fosters important values such as respect for the legal system." *Slivka*, 2019 WL 3059905, at *3 (citing *In re Providence Journal Co., Inc.*, 293 F.3d 1, 9 (1st Cir. 2002)). "There is a presumption

---

[4] Plaintiff's Reply [#116] actually attaches two new redacted versions of the Notice [#100]. The first, attached at Exhibit A [#117], contains redactions of Plaintiff's information only. The second, attached at Exhibit B [#116-1], redacts Plaintiff's information and information pertaining to Defendants which was identified for redaction in Defendants' Proposed Redactions [#113]. Plaintiff states that Exhibit A [#117] "is the appropriate version to be entered on the docket" "[g]iven that Defendants have not filed any motion of their own to restrict their ostensibly confidential information or otherwise provided a basis for redacting it[.]" *Reply* [#116] at 2 n.2. Although the Court acknowledges Defendants' failure to file their own motion to restrict and failure to address the basis for these particular redactions in their Response [#112], the Court is not inclined to disregard those redactions pertaining to Defendants which Plaintiff voluntarily agreed to in their First Redacted Notice [#110-1]. Accordingly, for purposes of this Order, the Court considers the appropriateness of the redactions found in Exhibit B [#116-1] to Plaintiff's Reply and not those redactions found in Exhibit A [#117].

that documents essential to the judicial process are to be available to the public, but they may be restricted when the public's right of access is outweighed by interests which favor non-disclosure." *Slivka*, 2019 WL 3059905, at *3 (citing *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997)). In matters concerning confidential business information, the Tenth Circuit has noted that "a party may overcome the presumption in favor of public access to judicial records by demonstrating the pages [at issue] contain 'sources of business information that might harm a litigant's competitive standing.'" *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)). However, "[t]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, No. 11-cv-01468-WJM-BNB, 2012 WL 2917116, at *2 (D. Colo. July 16, 2012) (citing *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985)).

A motion to restrict access must (1) "identify the document or the proceeding for which restriction is sought"; (2) "address the interest to be protected and why such interest outweighs the presumption of public access"; (3) "identify a clearly defined and serious injury that would result if access is not restricted"; (4) "explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question"; and (5) "identify the level of restriction sought." D.C.COLO.LCivR 7.2(c).

### III. Analysis

The only issue before the Court is to what extent Plaintiff's Notice [#100] should be redacted (for public filing) in order to provide the least restrictive means of protecting

the information contained therein.  Plaintiff's Second Redacted Notice [#116-1] largely moots the arguments Defendants raise in their Response [#112] regarding the redactions Plaintiff initially proposed in the Motion [#110].  Nevertheless, Plaintiff has not accepted all of Defendants' alternative redactions.  Accordingly, the Court proceeds to address the remaining redactions at dispute in each section of the Notice.

In Section I, Plaintiff's Second Redacted Notice [#116-1] removes all redactions objected to by Defendants except for one clause in one sentence at the bottom of page 5,[5] which refers to a specific business tactic Plaintiff utilizes with respect to its customers. Defendants argue that this information should not be restricted from public view because the information is already publicly available in Plaintiff's First Amended Complaint [#78]. *Response* [#112] at 6.  However, the language Defendants cite from the First Amended Complaint in support merely refers to Plaintiff's customer base and customer data generally, and does not specifically contain the same information redacted at the bottom of page 5 in the Notice.  Moreover, as Plaintiff notes, "'courts have held that client and contact lists, pricing data, and other client information . . . can constitute a trade secret.'" *Reply* [#116] at 8 (quoting *Complete Fire Prot., Inc. v. Kolman*, No. 19- cv-1134-WJM-STV, 2019 WL 1755280, at *2 (D. Colo. Apr. 19, 2019)).  The Court finds that the information contained at the bottom of page 5 properly falls within this category of customer information and therefore finds that the redaction of this information is appropriate.

---

[5] In this Order, any reference to a specific page number of the Notice refers to the page number displayed in the footer of the Notice rather than the number displayed in the docket heading.

With respect to Section II, Plaintiff has accepted all of Defendants' alternative redactions in the Second Redacted Notice [#116-1]. Accordingly, the Court finds that the limited redactions remaining in Section II, regarding Defendants' business information and a subpoenaed third-party, are appropriate.

Section III of the Notice is where the majority of the disputed redactions remain. While Plaintiff has removed, at Defendants request, almost all redactions from the "category" subsections summarizing Plaintiff's representative trade secrets, Plaintiff maintains that the disclosures of each individual trade secret should remain fully redacted. *See Pl.'s Second Redacted Notice* [#116-1] at 11-14. Defendants object to these redactions on the basis that the information contained therein is already publicly available via Plaintiff's Complaint [#1] and First Amended Complaint [#78]. *See Response* [#112] at 5-8.

Generally, courts "have 'supervisory power over [their] own records and files' and can appropriately deny access to these materials when they might be used 'as sources of business information that might harm a litigant's competitive standing.'" *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013) (quoting *Nixon*, 435 U.S. at 598). Thus, "Courts have recognized that the potential danger from releasing confidential business information or trade secrets may favor nondisclosure." *Greenway Nutrients, Inc. v. Blackburn*, No. 13-cv-01088-MSK-KMT, 2013 WL 12246891, at *1 (D. Colo. May 20, 2013); *see SOLIDFX, LLC*, 2012 WL 2917116, at *2 ("Privacy and preservation of trade secrets are among the interests which have been found, under certain circumstances, to overcome the presumption of openness." (citing *Huddleson v. City of Pueblo*, 270 F.R.D. 635, 637 (D. Colo. 2010)).

In light of the above, and in consideration of the points raised in Plaintiff's Motion [#110] and Reply [#116], the Court finds that the full redaction of Plaintiff's list of representative trade secrets is appropriate. While the Court acknowledges Defendants' observation that some of the information redacted from Section III of the Notice is similar to information contained in Plaintiff's Complaint [#1] and First Amended Complaint [#78], the Court finds this fact to weigh in favor of, rather than against, redaction. Indeed, Judge Wang clearly anticipated that Plaintiff's list of representative trade secrets would contain confidential information and thus, would be filed under restriction pursuant to D.C.COLO.LCivR 7.2. *Tr. of May 2, 2019 Discovery Hr'g* [#126] at 40:12–14 ("I'm going to require you all to file [the representative trade secrets] so that the Court also has a record. Obviously, you can file them under restriction."). To the extent that this information is pertinent and overlaps with the contents of Plaintiff's Complaint [#1] and First Amended Complaint [#78], it is already publicly available. Accordingly, the Court finds that the remaining redactions in Section III of Plaintiff's Second Redacted Notice [#116-1] are appropriate.

Finally, given that Defendants do not oppose maintaining Plaintiff's Notice [#100] under Level 2 Restriction as currently filed, the Court finds that the presumption of public access to Court files is outweighed by Plaintiff's interest in maintaining its business information private. *See Deherrera*, 820 F.3d at 1162 n.8; *Shell v. Am. Family Rights Ass'n*, No. 09-cv-00309-MSK-KMT, 2012 WL 13005966, at *2 (D. Colo. Aug. 27, 2012) (granting motion to restrict plaintiff's list of trade secrets). The Court further finds that Plaintiff's Motion [#110] satisfies the elements of D.C.COLO.LCivR 7.2(c) and, for the reasons stated above, that Plaintiff's Second Redacted Notice [#116-1] provides the least

restrictive means of protecting the information contained in the Notice [#100]. Moreover, in accordance with D.C.COLO.LCivR 7.2, the Motion [#110] was publicly posted to allow for any objections to the sealing of the Notice [#100] and no objection *to the sealing* was filed.

### IV. Conclusion

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#110] is **GRANTED as follows**.

IT IS FURTHER **ORDERED** that the Clerk of the Court is directed to maintain Plaintiff's Notice of Identification of Representative Trade Secrets [#100] **UNDER RESTRICTION at LEVEL 2**.[6]

IT IS FURTHER **ORDERED** that the Clerk of the Court is **directed** to file the following document without restriction, as a public filing: Redacted Notice of Identification of Representative Trade Secrets [#116-1].

Dated: September 5, 2019

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

[6] As stated above, Level 2 restriction limits access to the filing party and the Court. D.C.COLO.LCivR 7.2(b).